VAN COTT, BAGLEY, CORNWALL & McCARTHY
John P. Ashton (0134)
James R. Farmer (8592)
36 South State Street, Suite 1900
Post Office Box 45340
Salt Lake City, Utah  84111
Telephone: (801) 532-3333
Facsimile:  (801) 534-0058
jashton@vancott.com
jfarmer@vancott.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LARSON ARCHERY COMPANY, a Utah corporation,<br><br>                                      Plaintiff,<br><br>vs.<br><br>BOWTECH, INC., an Oregon corporation, and<br><br>                                      Defendant. | **COMPLAINT**<br>**PATENT INFRINGEMENT**<br><br>**JURY DEMANDED**<br><br>Case No. 1:14cv00131<br><br>Honorable Judge Dustin B. Pead |

Plaintiff Larson Archery Company ("Larson"), by and through its undersigned counsel, hereby files its complaint for patent infringement and for relief against Defendant BowTech, Inc. ("BowTech") as follows:

## PARTIES

1. Larson is a corporation organized and existing under the laws of the State of Utah, having a principal place of business in Ogden, Utah.

2. Upon information and belief, BowTech is a corporation organized and existing under the laws of the State of Oregon, having a principal place of business in Eugene, Oregon.

## JURISDICTION AND VENUE

3. The claims alleged herein arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

4. The Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over BowTech because BowTech transacts business within the State of Utah and within the District of Utah, Central Division.

6. Venue is proper under 28 U.S.C. §§ 1391 or 1400(b) because a substantial part of the events giving rise to this action allegedly occurred within this judicial district and the District of Utah, Central Division.

## FACTUAL BACKGROUND

7. Larson designs and develops products for use in the archery industry, including compound bows.

8. Larson is the owner by assignment of United States Patent No. 6,415,780 (the '780 patent) and has the unencumbered right to enforce the '780 patent, including the right to injunctive relief and to sue for and collect past damages for infringement.

9. BowTech develops and markets a number of archery products, including binary cam systems intended for use in compound bows or compound bows having binary cam systems, including, without limitation, the Binary Cam System, the Overdrive Binary Cam System and the Carbon Knight, Fuel, Carbon Rose, Experience, Insanity CPXL, Specialist, RPM 360 and Carbon Overdrive models of compound bows utilizing the Binary Cam and Overdrive Binary Cam Systems ("Accused Products").

10. BowTech operates and maintains a website at www.bowtecharchery.com, where BowTech's products and services, including the Accused Products, are marketed to consumers throughout the United States.

11. BowTech sells and offers to sell throughout the United States, including within the District of Utah, the Accused Products that embody the inventions of and are covered by one or more claims of the '780 patent.

12. BowTech has engaged, and continues to engage, in the manufacture, use, distribution, sale or offer for sale of the Accused Products embodying the inventions and covered by one or more claims of the '780 patent in this judicial district and throughout the United States.

13. During February 2010, counsel for Alpine Archery, Inc., the prior owner of the '780 patent, sent a letter to BowTech, informing BowTech of the '780 patent and offering to license the use of such patent to BowTech.

14. The letter sent to BowTech on behalf of Alpine Archery, Inc. provided notice to BowTech of the '780 patent covering archery and compound bow technologies.

15. BowTech had notice and actual knowledge of the '780 patent not later than February 2010.

16. Commencing near the issue date of the '780 patent, Alpine Archery, Inc. also provided notice of the patent by marking product packaging and literature with the '780 patent number.

17. Notwithstanding notice of the '780 patent, BowTech continued and continues its manufacture, use, distribution, sale or offer for sale of the Accused Products embodying the inventions and covered by one or more claims of the '780 patent in this judicial district and throughout the United States.

18. BowTech's manufacture, use, distribution, sale or offering for sale of the Accused Products in the United States and this judicial district is willful and done with knowledge that the Accused Products would infringe one or more claims of the '780 patent.

## COUNT ONE
(Infringement of U.S. Patent No. 6,415,780)

19. Larson realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

20. BowTech has infringed, induced infringement of, or contributorily infringed and continues to infringe, induce infringement of, or contributorily infringe one or more claims of the '780 patent by, among other things, making, using, selling or offering to sell in the United States, including in this judicial district, Accused Products embodying the patented inventions and covered by one or more claims of the '780 patent.

21. On information and belief, each of BowTech's acts of infringement has been willful and deliberate, having been done with full knowledge of the '780 patent and knowledge that the Accused Products infringe one or more claims of the '780 patent.

22.     Larson has been damaged by the acts of BowTech, and is entitled to recover damages from BowTech in an amount adequate to compensate Larson for the infringement that has occurred, but in no event less than a reasonable royalty for the use made by BowTech of the inventions, plus attorney fees pursuant to 35 U.S.C. § 285, interest and costs.

23.     By reason of the foregoing conduct of BowTech, Larson will suffer irreparable harm and damage, which damage will be difficult to ascertain, leaving Larson with no adequate remedy at law, and thereby entitling Larson to injunctive relief enjoining BowTech from further infringing the '780 patent.

## PRAYER FOR RELIEF

WHEREFORE, Larson demands judgment in its favor and against BowTech requiring BowTech to appear and answer and, at trial or final hearing, that Larson recover from and against BowTech the following relief:

1.     An adjudication that BowTech has infringed one or more claims of the '780 patent in violation of 35 U.S.C. §§ 271(a), (b) or (c).

2.     An order enjoining BowTech, its agents, officers, assigns and others acting in concert with BowTech, from infringing the '780 patent in violation of 35 U.S.C. §§ 271(a), (b) or (c).

3.     Actual damages, the amounts of which shall be proven at trial;

4.     Statutorily increased damages, in an amount treble the actual damages;

5.     An award or order for an accounting of damages;

6.     An award or order finding this case to be exceptional;

7. An order that BowTech deliver to Larson, for destruction at Larson's option, all products that infringe the '780 patent;

8. Attorney fees, costs and expenses as permitted by law; and

9. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Larson requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

DATED this 20th day of October, 2014.

        Van Cott Bagley Cornwall & McCarthy

        /s/ James R. Farmer
        John P. Ashton (0134)
        James R. Farmer (8592)

        Attorneys for Plaintiff
        Larson Archery Co.

Plaintiff's Address:

Larson Archery Co.
2735 South 4050 West
Ogden, UT 84401

4824-6036-9696, v. 1